***UNITED STATES DISTRICT COURT FOR THE***
***WESTERN DISTRICT OF MISSOURI***
***WESTERN DIVISION***

| | | |
|---|---|---|
| JAMES MOREHEAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-0484-CV-W-FJG-P |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Respondents. | | |

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner, who is a state prisoner confined at the Jefferson City Correctional Center (JCCC) in Jefferson City, Missouri, filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 convictions and sentences for second degree burglary, second degree arson, and stealing, which were entered in the Circuit Court of Jasper County, Missouri. Petitioner contends that, pursuant to the state trial court's October 23, 2001, Order: (1) he should have been released from the custody of the Missouri Department of Corrections into the custody of the Oklahoma Department of Corrections to answer an outstanding parole violation warrant; (2) his Missouri sentence was to have been served in the Oklahoma Department of Corrections concurrently with a sentence in Oklahoma Case No. CF90-5113; and (3) he was to have been returned to the Missouri Department of Corrections only after he had served his Oklahoma sentence.

Respondents contend that petitioner has presented his claim to the state courts that his due process rights were violated because his sentences are not running concurrently with sentences from Oklahoma.

Doc. No. 7, p. 4. In denying petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15, the state hearing court held:

> This is not a claim of ineffective assistance of counsel. [Petitioner] argues that he did not receive the benefit of the plea bargain, and the judgment and sentence does not embody the disposition provided in the plea agreement as required by Rule 24.02(d)(3).
>
> The judgment and sentence was amended in precisely the form requested by [petitioner] when the court entered the nunc pro tunc order requested by the counsel representing him in this proceeding. Thus, it seems that it is somewhat disingenuous for [petitioner] to continue to pursue this claim when the court did precisely what was suggested by his counsel. The court declines to grant any relief on this claim.
>
> The final claim is that [petitioner's] plea was involuntary in that he did not receive the benefit of the plea bargain. The difficulty now faced is precisely the difficulty that trial counsel warned [petitioner] when he was entering his plea. The trial court went to great length to make sure [petitioner] understood the risk that he was running. He understood the risk, and he continued to request the trial court to accept his plea and the plea bargain.
>
> It has long been the law that the validity of a plea of guilty depends on whether it was made voluntarily and intelligently . . . . A thorough reading of the transcript of the plea hearing convinces the Court that [petitioner] entered his plea voluntarily and intelligently as the trial court found in that proceeding. The future expectations that [petitioner] had concerning the serving of the sentence in Oklahoma did not render the plea involuntary. The [petitioner] was fully informed of the risk of the State of Oklahoma not honoring the agreement. He chose to accept that risk.
>
> While this Court may sympathize with the fact that [petitioner] has not been moved to the State of Oklahoma so that he may serve his Missouri sentence while serving the Oklahoma sentence, there is no legal basis for setting aside the judgment and sentence entered in the underlying

> criminal case, particularly in view of the fact that the trial court amended to the judgment and sentence so that it would conform to the precise language selected by [petitioner] and his attorney.

Respondents' Exhibit A, pp. 21-22.

Respondents contend that the state court's resolution of petitioner's claims is reasonable and is not contrary to Supreme Court precedent; therefore, petitioner is not entitled to habeas corpus relief. According to respondents, petitioner was tendered to the Oklahoma Department of Corrections on December 18, 2001(Respondent's Exhibit H), and the Missouri Court of Appeals correctly determined that Oklahoma was under no due process obligation to accept petitioner as an inmate in its correctional system pursuant to the order of a Missouri court. Respondents' Exhibit G, pp. 5, 13 & n. 8.

Petitioner replies that the state sentencing court used the wording "to the extent allowable in this case and § 558.026" in its first sentencing order. The nunc pro tunc order does not have the same language, but petitioner contends that no documents entered into evidence show that the Missouri Department of Corrections has ever tried to contact Oklahoma or that Missouri has started the extradition process. Petitioner contends that he has been misled and that he should be permitted to withdraw his guilty plea. He cites to numerous cases he contends stand for the same proposition. See State ex rel. Nixon v. Campbell, 906 S.W. 2d 369, 372 (Mo. banc 1995); Cross v. State, 970 S.W. 2d 841 (Mo. Ct. App. 1998); McNeal v. State, 910 S.W. 2d 767 (Mo. Ct. App. 1995). Petitioner also cites to federal cases in support of his claims. See Chitwood v. Dowd, 889 F.2d 781, 786 (8th Cir. 1989); Brisco-Wade v. Carnahan, 149 F.Supp. 891, 902-905 (E.D. Mo. 2001).

In their review of petitioner's claims in his Rule 24.035 appeal, the Missouri Court of Appeals, Southern District, distinguishes all of the cases petitioner cites. First, the Missouri Court of Appeals held that Chitwood is distinguishable because, unlike Chitwood, petitioner seeks to withdraw his guilty plea and was well aware when he entered his plea agreement that Oklahoma would not be bound to honor a Missouri judgment ordering any future Oklahoma sentence to run concurrently with petitioner's Missouri sentences. Moreover, the state appellate court held that petitioner admitted that his failure to be transferred to Oklahoma was not the fault of the Missouri trial court or the Missouri Department of Corrections, but was caused by Oklahoma's refusal to accept transfer of petitioner after he was tendered to Oklahoma by Missouri. Morehead v. State, 145 S.W.3d 922, 930 (Mo. Ct. App. 2004). Finally, the court held that Chitwood, unlike petitioner, had exhausted his Oklahoma state court remedies before seeking habeas corpus relief.

The Missouri Court of Appeals distinguished McNeal, Arnold, and Cross, supra, because those "cases were remanded for the purpose of conducting an evidentiary hearing to determine whether the movants therein reasonably relied on positive representations that they would serve their Missouri sentences concurrently in another jurisdiction." Morehead v. State, supra at 931. Petitioner already received an evidentiary hearing in which "he merely asked the trial court to take judicial notice of what was contained in the underlying criminal file and the transcript of the guilty plea and sentencing hearing." Id. Thereafter, the trial court found that petitioner did not reasonably rely on a positive representation that he would serve his Missouri sentences in Oklahoma because petitioner was fully informed of the risk that Oklahoma might

not honor the plea agreement. Consequently, the state appellate court held that no reasonable basis exists in the record for concluding that [petitioner's] guilty plea resulted from a mistaken belief about his sentences. Id.

The state court's findings of fact are presumed correct unless petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Credibility determinations made by the state courts are entitled to great deference in a federal habeas proceeding. See Clemons v. Luebbers, 381 F.3d 744, 755 (8th Cir. 2004), petition for cert. filed, No. 04-9356 (Mar. 21, 2005). Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

The state courts have found that the Missouri Department of Corrections attempted to arrange for Oklahoma to accept transfer of petitioner so he could serve his Missouri sentence concurrently with the remainder of his Oklahoma sentence and that Oklahoma refused to accept transfer of petitioner[1], revoked petitioner's parole, and ordered, on April 10, 2002, that he serve the remaining portion of his Oklahoma sentence consecutively to the sentence received in Missouri, see Respondent's Exhibit N. Thus, this case is distinguishable from those cited by petitioner and more in line with Kassulke v. Briscoe-Wade, 105 S.W.3d 403, 409-412 (Ky. 2003) (separate sovereign cannot be required to accept transfer of prisoner

[1]Petitioner's Exhibit A-7 demonstrates that Oklahoma could have revoked petitioner's parole with the possibility that it would run concurrently with his Missouri sentence, but refused to do so after petitioner initially refused to sign the Parole Revocation Hearing Notices they gave him.

from another state which tenders him, and one sovereign's order for a concurrent sentence cannot bind another sovereign); Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999) ( a state prisoner whose sentence is to run concurrently with a federal sentence has a right to be tendered to federal authorities, but they are under no obligation to accept the tendered prisoner); and Wallace v. State, 612 P.2d 284, 285 (Okla. Crim. App. 1980) (there is no due process requirement that Oklahoma accept transfer of prisoner or credit time he served in another state to his Oklahoma sentence).

Petitioner has failed to show that the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law" or that their decisions were "based on an unreasonable determination of the facts in light of the evidence presented" at trial. 28 U.S.C. § 2254(d)(1) and (2).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 10/31/05.

7


7

7

7

7